[Civ. Nos. 21578, 21579. Second Dist., Div. One. Sept. 24, 1956.]

LEONA LEGG, Appellant, v. CHARLES TENEYCKE et al., Respondents.

[Two Cases.]

Leona Legg, in pro. per., for Appellant.

Martin J. Kirwan for Respondents.

FOURT, J.—These appeals are from the judgments on the verdicts in favor of the defendants and against the plaintiff.

Plaintiff brought two actions, the first numbered 596228, and the second numbered 597392. In the first case, in the third amended complaint, the plaintiff sued for general and special damages in the sum of $25,900, alleging, among other things, that the defendants were the landlords of an apartment house; that she was a tenant therein; that the defendant Charles Teneycke had broken into her apartment, attacked her and attempted to rape her, all on February 27, 1951, March 9, 1951, and March 13, 1951.

In the second case, in the second amended complaint (erroneously designated the third amended complaint) the plaintiff sued for damages, general and special, in the sum of $26,050, alleging generally the same sort of matters as are set forth in the first case, and setting forth that the various episodes complained of occurred on March 27, 1951, and March 28, 1951.

Upon the plaintiff's motion, the cases were consolidated for trial, and upon her motion this court granted leave to file combined briefs to the end that the causes could be disposed of in a single appeal.

In each of plaintiff's notices of appeal, it is set forth that she appeals from (1) " 'Order of Procedure of Legal Process' rendered and entered in the above entitled court and cause"; (2) "that certain 'Judgment' herein rendered and entered in the above entitled court and cause on or about July 7th., and 8the. 1955"; (3) "that certain 'Proceedings' had in the Superior Court'," and (4) "certain 'Order denying plaintiff's motion for a New Trial', made and entered in the minutes of said court, on or about August 5, 1955."

The plaintiff has submitted briefs in this matter which are extremely ambiguous and difficult to decipher or understand; they are not in conformity with the Rules on Appeal, excepting as to the size of the paper used, and are for the most part completely lacking in sense and reason. We have, however, carefully reviewed all of the record and have seen fit to disregard the defects, and have considered the briefs as if they were properly prepared.

The facts of the cases are substantially as follows: The defendants were the operators of an apartment house at 912 South Figueroa Street in Los Angeles. The plaintiff rented a single unit apartment under a month-to-month tenancy. In about March, 1951, Charles Teneycke brought an action

in the Municipal Court of Los Angeles Judicial District to have the plaintiff ejected. Judgment in that case was in favor of Charles Teneycke and against the plaintiff here. In the instant cases the appellant alleged and testified, among other things, that she was assaulted and struck by Charles Teneycke on several occasions, naming the dates, and further that she was raped by Charles Teneycke. The respondents alleged and testified in substance that there were no assaults committed by Charles Teneycke; that no blows were struck; that Charles Teneycke did not rape the plaintiff and no attempt whatsoever at rape was made.

As heretofore indicated, the jury found in favor of the defendants and our review of the record in these cases convinces us that their determination was wholly proper and correct. As well as we can gather, it is appellant's first contention that, "The trial judge on its own initiative compelling an election between the various causes of action at the close of the trial was *an error in law occurring at the trial*' for which the court could properly grant a new trial.''

At no place is it pointed out in the briefs wherein the judge so ordered or ruled, and our search of the record fails to show that there is anything to indicate that the judge in any wise, at any time, compelled the plaintiff to elect as to which cause she could or should proceed with. The court was extremely liberal with and helpful to the plaintiff, as most judges are with persons who are unskilled and untrained in the law, and who appear in propria persona. Our review indicates that the judge did nothing which we can criticize.

Plaintiff's next contention is titled: "Is the right to privacy entranced within the absolute right of personal security and personal liberty?" This is but a typical example of the matters contained in the brief and we are unable to determine the point which appellant desires to make.

Apparently, appellant's next contention is: "Should the trial judge give an instruction that is not justified by the evidence?" The answer obviously is "no"; however, no particular instruction is mentioned or referred to by appellant, and we are unable to find any instruction which was given which was improper under the circumstances.

Appellant's next contention is: "Can a judge place himself in an attitude of hostility to law or to a party?

"The dominating factor in this present case seems to have been the trial judge was imbued with bias and prejudice

against any female who dare to bring action *action* against a male charged with the offence of rape.''

A reading of the transcript belies the statement made by appellant.

Apparently appellant's next contention is: ''The judicial abuse of discreation in this instant case is one which should be considered in the light of facts and fractual matters. Manifestly, it appears that constitutional rights have become *instinct* in the State of California, in that it appears that we no longer have a right to a juror's verdict without coersion.''

In this connection we assume that perhaps appellant refers to an instruction or instructions given by the court, and if so, we have gone over the instructions and are of the opinion that all of them were perfectly proper under the circumstances. Certain it is that the record does not disclose any coercion of any juror.

█ Appellant further contends that no findings of fact were made. The complete answer to that is that this was a jury trial and findings were not required.

In our opinion the causes were fairly and properly tried; the jury was correctly instructed; the verdicts were amply supported by the evidence and the court rightly denied the motion for a new trial.

The judgments are, and each is, affirmed. The purported appeals from the orders denying plaintiff's motion for new trial, from ''orders of procedure of legal process'' and ''proceedings had in the Superior Court'' are, and each is, dismissed.

White, P. J., and Doran, J., concurred.

Appellant's petitions for a hearing by the Supreme Court were denied November 21, 1956.